[Crim. No. 561.   Fourth Dist.   Nov. 30, 1944.]

THE PEOPLE, Respondent, v. CARMEN LOYD, Appellant.

J. M. Lopes for Appellant.

Robert W. Kenny, Attorney General, and Everett W. Mattoon, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged in an information with the crime of rape, in count one with rape by force under section 261, subdivision 3 of the Penal Code, and in count two with statutory rape under subdivision 1 thereof. The prosecutrix in each count, Airre Belflower, was of the age of 13 years. She testified that on the night of April 23, 1944, defendant, husband of her cousin, had and accomplished an act of

sexual intercourse with her by force and violence and that she resisted.

The jury acquitted defendant on the first count and convicted him on the second and recommended that punishment be by imprisonment in the county jail. From this judgment of conviction defendant appealed, contending first that the evidence was not sufficient to support the verdict and judgment.

We have read the entire record on appeal. Without relating the sordid details, suffice it to say, the prosecutrix' testimony, in itself, was sufficient to support the judgment and is fully corroborated by many other witnesses. Surely, counsel could not earnestly contend otherwise.

It is next contended that the court erred in denying defendant's motion to dismiss the first count of the information upon defendant's arraignment on the ground that the defendant had not been legally committed on that count. It is argued that even though the jury acquitted the defendant on that count, the evidence taken at the preliminary examination was not sufficient to show any evidence of rape by force and violence and that the defendant was prejudiced before the jury by being charged in two counts instead of one. We see no merit to this argument. In the first place, the testimony taken at the preliminary examination is not before us and we have no means of determining the question presented even if it were necessary. In the absence of the transcript from the record on appeal, error cannot be assumed. The situation is quite similar to that in *People* v. *Scott,* 24 Cal.2d 774 [151 P.2d 517], where the Supreme Court held adversely to defendant's contention.

It is next claimed that there was misconduct of the district attorney requiring a reversal. The misconduct is based on a question propounded to defendant on cross-examination by the district attorney. He was asked if, at the preliminary examination, while the prosecutrix was testifying, he did not "try to intimidate her by glaring at her." The defendant answered that he did not. Counsel for defendant then objected on the ground that it was not proper cross-examination and assigned the question as misconduct. The trial court ordered the *"question"* stricken. In support of this argument, defendant quotes from *People* v. *Wells,* 100 Cal. 459 [34 P. 1078], at length. We see no merit to the argument. The court

ordered the question stricken and the district attorney made no further mention of it. No prejudice resulted.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.